# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| WILLIAM WOJTKOWSKI, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-17-2399 |
| | * | |
| WILBUR ROSS, SECRETARY, | | |
| U.S. DEPARTMENT OF COMMERCE. | | |
| | * | |
| Defendant. | | |
| | * | |

## MEMORANDUM OPINION

This is a federal-sector employment discrimination case brought by Plaintiff William Wojtkowski against the U.S. Department of Commerce ("the Agency") for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA").[1] Pending before the Court is Defendant's Motion to Dismiss or, alternatively, Motion for Summary Judgment. ECF No. 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss, construed as a Motion for Summary Judgment, is denied.

---

[1] In his Opposition to the pending Motion, Plaintiff concedes that the Equal Pay Act claim is not properly before the Court and that Count is therefore dismissed. ECF No. 10 at 4.

1

I. **BACKGROUND**[2]

On March 27, 2015, Wojtkowski initiated contact with an Equal Employment Opportunity (EEO) Counselor to file an informal pre-complaint. ECF No. 9-2 at 1.[3] Among other claims, Wojtkowski alleged that within the previous forty-five days, the Agency discriminated against him based on his age and sex by denying or ignoring his requests to re-classify his job at a higher pay-scale despite routinely performing duties well above his pay rate and job description. *Id.* at 6. Wojtkowski also notified the EEO Counselor that he believed he had been retaliated against for taking steps to report the alleged discrimination. *Id.* Through the EEO counseling process, Wojtkowski received a "Notice of Rights and Responsibilities," which listed his "right to an immediate final decision after an investigation by the agency in accordance with 29 C.F.R. § 1614.108(f)," and his "right to go to a U.S. District Court 180 calendar days after filing a formal complaint if no final action has been taken on the complaint, or 180 days after filing an appeal if no decision has been issued on the appeal." ECF No. 9-2 at 3.

Wojtkowski filed a formal complaint reiterating what he had told the EEO counselor on May 26, 2015. ECF No. 9-3. The following year, on February 2, 2016, after completing an investigation in which Wojtkowski cooperated, ECF No. 10-2, the Department of Commerce issued a Final Agency Decision ("FAD"). ECF No. 9-4. The Agency found no evidence of discrimination. *Id.* The FAD advised Wojtkowski that he could appeal the Agency's decision with the EEOC or file a civil action in a federal district court. ECF No. 9-4 at 35–36.

---

[2] In reviewing a motion to dismiss, this Court accepts the well-pleaded facts in the Complaint, ECF No. 1, as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir.2011). Further, in review of a motion for summary judgment, the facts are to be construed in the light most favorable to the nonmoving party, drawing all justifiable inferences in that party's favor. *Ricci v. DeStefano,* 557 U.S. 557, 585–86 (2009). The facts described in this section are reviewed with these principles in mind.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Wojtkowski filed an appeal with the EEOC on March 7, 2016, thirty-three calendar days after his attorney received the FAD at her address of record. ECF No. 9-5, 9-6. On January 25, 2017, 324 days after Wojtkowski filed the appeal, the EEOC dismissed the appeal for lack of timeliness. ECF No. 9-7 at 2. The EEOC's dismissal explained that Wojtkowski could request the Commission reconsider "within thirty (30) calendar days of receipt of [its] decision." *Id.* Alternatively, the denial explained that Wojtkowski could "file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date" he received the EEOC's decision. *Id.*

Wojtkowski moved for the EEOC to reconsider. ECF No. 9-8. The EEOC ultimately denied reconsideration, issuing a final decision that Plaintiff received on May 23, 2017. ECF No. 9-9 at 1–2, 4. In that denial, the EEOC noted: "You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision." *Id.* at 2 (emphasis in original). Wojtkowski filed this action on August 21, 2017, within the ninety day timeframe. ECF No. 1. The Agency moved to dismiss or for summary judgment, arguing that Wojtkowski failed to exhaust administrative remedies and, with respect to his ADEA claim, failed to notify the Agency of his intent to sue. ECF No. 9. Plaintiff filed an Opposition, ECF No. 10, and the Agency replied, ECF No. 12.

## II. STANDARDS OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where a complaint does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In an employment discrimination case, a plaintiff cannot state a claim for relief under the ADEA or Title VII without first exhausting his administrative

remedies. *Blount v. Shalala*, 32 F. Supp. 2d 339, 341 (D. Md.), *aff'd*, 199 F.3d 1326 (4th Cir. 1999).

If the Court considers matter outside the pleadings to determine whether an employee-plaintiff exhausted administrative remedies, the Court must treat a motion to dismiss as one for summary judgment. *Jakubiak v. Perry,* 101 F.3d 23, 24 & n. 1 (4th Cir. 1996). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* It is obvious that when the moving party styles its motion as a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," as is the case here, and the nonmoving party attaches exhibits to its opposition, the nonmoving party is aware that materials outside the pleadings are before the court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.,* 149 F.2d 253, 260–61 (4th Cir.1998). Further, a court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre- or post-discovery). However, summary judgment should not be granted if the nonmoving party has not had the opportunity to discover information that is essential to his opposition to the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1987). If the nonmoving party feels that the motion is premature, that party can invoke Federal Rule of Civil Procedure 56(d). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Under Rule 56(d), a court may deny a motion for summary judgment if the nonmovant shows through an affidavit that, for specified reasons, he cannot properly present facts, currently unavailable to him, that are essential to justify an opposition. Here, the nonmovant has not filed an affidavit under 56(d).

Summary judgment is proper only when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803, 806 (4th Cir. 2007); *see also* Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating that no genuine dispute exists with regard to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987).

**III. DISCUSSION**

Before filing a Title VII or ADEA lawsuit, a federal employee must exhaust his administrative remedies. *Blount*, 32 F. Supp. 2d at 341. To do so, the employee must first consult with an EEO counselor to file a pre-complaint within forty-five days of the alleged discrimination. *See* 20 C.F.R. § 16-14.105(a)(1). If counseling does not resolve the issue, the employee must then file a formal complaint against the employer within fifteen days of receiving notice that the counselor failed to resolve the claim. *Id.* §§ 16-14.105(d), 1614.106(b). An employee next has a right to "an immediate final decision" after an investigation by the agency. 29 C.F.R. § 1614.108(f). Once an employee receives a Final Agency Decision ("FAD"), the individual is authorized to file a civil action in federal court, 29 C.F.R. § 1614.407. Specifically, the relevant regulation provides:

> A complainant who has filed an individual complaint . . . is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
>
> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or

> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407. For an appeal to the EEOC to be timely, an employee must file it within thirty days of receipt of the FAD. 29 C.F.R. § 1614.402(a). Unlike in the private-sector employment discrimination context, the EEOC in the federal-sector context has the power to order corrective action and attorney's fees and costs if it finds discrimination on appeal where an agency found none. 29 C.F.R. §§ 1614.405, 1614.501(e). An employee need not pursue an administrative appeal to have satisfied the preconditions to filing suit in federal court. 29 C.F.R. § 1614.407.

Additionally, to pursue an ADEA claim, a federal employee may bypass EEOC process altogether and "present the merits of his claim to a federal court in the first instance." *Stevens v. Dep't of Treasury*, 500 U.S. 1, 6 (1991) (citing 29 U.S.C. § 633a(d)). To do so, however, the employee must give the EEOC thirty days' notice of an intent to file suit. 29 U.S.C. § 633a(d); *see also* 29 C.F.R. § 1614.201(a).

Here, Wojtkowski exhausted administrative remedies before filing his Title VII and ADEA claims with this Court. He initiated contact with an EEO counselor within forty-five days of the alleged discrimination. ECF No. 9-2 at 1, 6. Within fifteen days of receiving notice that EEO counseling failed to resolve his claims, he filed a formal complaint. ECF No. 9-3. The Agency issued a FAD. ECF No. 9-4. At that point, Wojtkowski needed to take no further action to exhaust his administrative remedies. Once Wojtkowski received the FAD, 29 C.F.R. § 1614.407 authorized him to file suit in federal court, meaning he had satisfied Title VII and the ADEA's preconditions.

This same regulation then provides different timelines for filing in federal court depending on whether an appeal is filed. If Wojtkowski chose not to file an appeal, he had a

ninety-day deadline to file in federal court. 29 C.F.R. § 1614.07(a). But by the 33rd day after the Agency issued its FAD, Wojtkowski had filed an appeal making § 1614.07(a) inapplicable. Instead, §1614.407(c) applied. That subsection provides that an employee can file with a District Court within ninety days of a final decision on an appeal.[4]

The Agency correctly notes that Wojtkowski's appeal was untimely under a separate regulatory provision, 29 C.F.R. § 1614.402(a), but § 1614.407 does not state that the appeal must be timely for a plaintiff to have exhausted administrative remedies and for § 1614.07(c) to apply.[5] It took the EEOC 324 days to dismiss Wojtkowski's appeal for lack of timeliness. ECF No. 9-7 at 2. In its dismissal, the EEOC explained to Wojtkowski that, at that juncture, he had the right to file a civil action with a district court within ninety calendar days or request that the Commission reconsider its decision. *Id.* Wojtkowski asked the EEOC to reconsider its ruling, and the EEOC issued a final adverse decision, which Plaintiff received on May 23, 2017. ECF No. 9-9 at 1–2, 4. At that time, the EEOC again told Wojtkowski, consistent with § 1614.407(c), that he could file suit in federal court within ninety days. ECF No. 9-9 at 2. Wojtkowski did so. ECF No. 1. Thus, he had exhausted his administrative remedies and complied with the applicable deadline set out in 29 C.F.R. §1614.407(c). Because Wojtkowski followed EEOC exhaustion process rather than bypassing it to file his ADEA claim, he was not required to notify the EEOC of his intent to sue. *See* 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a).

---

[4] §1614.07(d) provides for filing 180 days after filing of the appeal if there has been no final decision. Because Plaintiff waited until his appeal had been resolved, this subsection is not applicable.

[5] It is worth noting that when Wojtkowski filed his appeal, timely or not, he was still within the deadline imposed by § 1614.07(a) for cases where no appeal has been filed, meaning he could have simply filed his claim in federal court at that point rather than attempt to avail himself of the appeal process. Had Wojtkowski taken that alternative route and filed a complaint in federal court on the date that he instead filed an appeal with the EEOC, his complaint would have been timely under § 1614.07(a), and the Agency could not have argued that he failed to exhaust administrative remedies. The fact that, after filing an appeal, Wojtkowski had to wait before filing suit either for a determination on his appeal per § 1614.07(c) or 180 days under § 1614.07(d) suggests that these subsections effectively create a tolling period while the Commission determines the appeal.

7

The Agency's argument that failure to timely appeal constitutes a failure to exhaust would mean lead § 1614.407(c) to apply only to EEOC decisions addressing appeals on the merits but not to appeals decided on procedural grounds, such as timeliness. Such a position finds no support in the regulation's language. Indeed, Wojtkowski had exhausted his administrative remedies at the time of his receipt of the FAD and was not required to appeal at all. *Monreal v. Potter*, 367 F.3d 1224, 1231 (10th Cir. 2004) (although employees have the option to appeal a FAD and to request reconsideration if their appeal is denied, neither action is required for exhaustion purposes). Because filing an appeal is entirely optional, an employee is not required to take any further action to exhaust once he files a complaint and waits the requisite time before advancing to federal court. *Wilson v. Pena*, 79 F.3d 154, 157 (D.C. Cir. 1996) ("Once a complainant files a complaint or appeal and cooperates with the agency or EEOC for 180 days, he is not required to take any further action to exhaust his administrative remedies."). Although complainants must follow time limits to successfully appeal FADs with the EEOC, such time limits do not create new exhaustion requirements.

Citing an unpublished Sixth Circuit case and out-of-circuit district court opinions, the Agency argues that timely filing a district court suit cannot cure the untimeliness of an EEOC appeal because "to hold otherwise would allow a plaintiff to circumvent the administrative procedures set up by Congress." ECF No. 9-1 at 9 (quoting *Jenkins v. Potter*, 271 F. Supp. 2d 557, 562 (S.D.N.Y. 2003)); ECF No. 12 at 4. Not so. In fact, the established administrative procedure—specifically, the requirement that complainants file EEOC appeals within thirty days of receipt of a FAD—still accomplishes its objectives and did so here. Because Wojtkowski failed to file a timely appeal, the EEOC dismissed the appeal and he lost his opportunity to have

the EEOC review the merits of his case, find discrimination where the Agency had found none, and order corrective action, attorney's fees, and costs.

Indeed, it is the Agency's interpretation that would frustrate congressional intent. As the Supreme Court has admonished, no requirements beyond those expressly in an employment discrimination statute should be imposed. *Mohasco Corp. v. Silver*, 447 U.S. 807, 816 n. 19 (1980) ("we do not believe that a court should read in a time limitation provision that Congress has not seen fit to include."); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798–99 (1973) ("we will not engraft on the statute a requirement which may inhibit the review of claims of employment discrimination in the federal courts."). This principle is especially salient for statutory schemes, like Title VII and the ADEA, in which "laymen, unassisted by trained lawyers" often "initiate the process." 411 U.S. 792 at 799. The Agency's interpretation would add a hurdle not in the regulation, requiring that an employee who has already exhausted his administrative remedies risk "unexhausting" those remedies if he files an appeal that is deemed to be untimely; in effect treating the filing of an appeal like a ride in a DeLorean—taking employees who have already fulfilled exhaustion's prerequisites backwards in time to a point at which filing the suit would have been premature.[6]

In addition to adding a hurdle, the Agency's attempt to rewrite Title VII and the ADEA's exhaustion requirements also contradicts EEOC interpretation of these preconditions. This fact is apparent from the guidance the Commission consistently provided to Wojtkowski. First the Commission told Wojtkowski during the EEO counseling process that he would have a "right to go to a U.S. District Court 180 calendar days after filing a formal complaint if no final action has been taken on the complaint, or 180 days after filing an appeal if no decision has been issued on

---

[6] For those not familiar with Marty McFly and Dr. Emmet Brown, the DeLorean is the fictional time machine featured in the Back to the Future movie franchise.

the appeal." ECF No. 9-2 at 3. Later, the EEOC's dismissal of Wojtkowski's appeal explained that Wojtkowski could "file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date" he received the EEOC's decision. ECF No. 9-7 at 3. Thus, it was clearly the view of the EEOC that the road to federal court was still open for Wojtkowski despite the Commission's determination that his appeal was untimely. Further, as Plaintiff notes, ECF No. 10 at 6, the specific guidance Wojtkowski received is consistent with the EEOC's general explanation of § 1614.407:

> As the agency responsible for interpretation and enforcement of the ADEA in the federal sector, EEOC believes that a complainant exhausts administrative remedies either (1) 180 days after filing a complaint (the time period during which the agency is required to conduct a complete investigation) if the agency has not issued a decision, (2) after a final decision by the agency, (3) 180 days after filing an appeal with the EEOC, if EEOC has not issued a decision, or (4) after EEOC issues a decision on an appeal. This exhaustion requirement is the same as the title VII exhaustion requirement[.]

57 Fed. Reg. 12403, 12641 (Apr. 10, 1992).[7]

The Agency's argument that allowing lawsuits after untimely EEOC appeals will "encourage dilatory conduct," ECF No. 12 at 4, is unpersuasive. First, the Agency concedes to the timeliness of Wojtkowski's *lawsuit*. *Id.* Certainly, a different outcome could have resulted if Plaintiff engaged in dilatory conduct and filed his lawsuit out-of-time. And the Agency has also offered no evidence that Wojtkowski engaged in purposeful dilatory conduct. Moreover, when Wojtkowski filed his appeal thirty-three days after receiving the FAD, he was still within the deadline imposed by § 1614.07(a) for cases where no appeal has been filed. In other words, if he had filed suit at this point rather than filing an appeal, the suit would have undoubtedly survived a motion to dismiss based on timeliness or exhaustion concerns. A case in which a plaintiff-employee files an appeal outside of the § 1614.07(a) ninety-day window in an attempt to create

---

[7] In the 1992 Fed. Reg., section 1614.409 contained the language at issue. This provision was later redesignated section 1614.407 with no alterations to the wording. *See* 64 FR 37644, 37659 (July 12, 1999).

or exploit a possible loophole, could lead the Court to arrive at a different conclusion. Finally, as previously discussed, filing an out-of-time appeal is not without consequence; employment-discrimination plaintiffs are incentivized against engaging in dilatory conduct because they do not want to miss out on the possibility that the EEOC could order corrective action during the appeal process.

Applying the foregoing principles to the undisputed facts, Wojtkowski's administrative remedies were exhausted when he received the FAD. He timely filed this case within ninety days of receipt of the EEOC's denial of his request for reconsideration (i.e., the Commission's "final decision on an appeal"). Because he exhausted his administrative remedies, he was not required to notify the EEOC of his intent to file suit.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss construed as a Motion for Summary Judgment is denied. A separate Order shall issue.

Date: <u>September   14, 2018</u>                              <u>       /s/                              </u>
                                                                GEORGE J. HAZEL
                                                                United States District Judge